## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK
## BROOKLYN DIVISION

| | |
|---|---|
| **Sapphire Crossing LLC**, | Case No. _____ |
| Plaintiff, | Patent Case |
| v. | Jury Trial Demanded |
| **The NPD Group, Inc.** | |
| Defendant. | |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Sapphire Crossing LLC ("Sapphire Crossing"), through its attorney, Nicholas Ranallo, complains against The NPD Group, Inc. ("NPD") and alleges the following:

### PARTIES

1. Plaintiff Sapphire Crossing LLC is a corporation organized and existing under the laws of Texas and maintains its principal place of business at 5570 FM 423 Suite 250, #2008, Frisco, TX 75034.

2. Defendant The NPD Group, Inc. is a corporation organized and existing under the laws of New York and maintains its principal place of business at 900 West Shore Road, Port Washington, NY 11050.

### JURISDICTION

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over NPD because it has engaged in

systematic and continuous business activities in the Eastern District of New York. Specifically, NPD resides in this District as it is incorporated in New York and provides its full range of services to residents in this District. As described below, NPD has committed acts of patent infringement giving rise to this action within this District.

## VENUE

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because NPD has committed acts of patent infringement in this District and resides in this District. Specifically, NPD is incorporated in New York, has its principal place of business within this District, and provides its full range of services to residents in this District. In addition, Sapphire Crossing has suffered harm in this District.

## PATENT-IN-SUIT

7. On May 10, 2005, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,891,633 ("the '633 Patent") to Xerox Corporation ("Xerox"), naming Ken Hayward, Marc J. Krolczyk, Dawn M. Marchionda, Thomas L. Wolf and James S. Laird as the inventors. The '633 Patent is titled "Image Transfer System". A copy of the '633 Patent is attached to this Complaint as Exhibit A.

8. Claims 19–20 of the '633 Patent are valid and enforceable. The Patent Trial and Appeal Board denied institution of claims 19-20 and further denied Petitioner's request for a rehearing.

9. On November 25, 2015, Xerox assigned all right, title, and interest in and to the '633 Patent to Ruby Sands LLC, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '633 Patent.

10. On March 26, 2018, Ruby Sands LLC assigned all right, title, and interest in and to the '633 Patent to Sapphire Crossing LLC, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '633 Patent. Accordingly, Sapphire Crossing possesses the exclusive right and standing to prosecute the present action for infringement of the '633 Patent by NPD.

11. The '633 Patent is directed to a novel image transfer system comprising a transfer device which can be operably connected to a computer. The system includes a reader for reading an image on a first medium, and a display for displaying an image transfer menu for effecting transfer of the image to perform a selected function. For example, the reader can be a mobile electronic device used to take a photograph of a first medium (for example, a receipt), and then offer on the display of the mobile electronic device a menu of different actions that can be selected to accomplish a particular task: for example, get cash rebates from digital coupons based on scanned receipts. A downloadable app can transform the mobile device into the claimed image transfer device. Without the app, the mobile device cannot display the first type of menu, read the receipt, establish a connection with a computer, transfer the image to the computer, or display the second type of menu.

12. Claim 19 of the '633 patent is directed to a method for transferring information from a first medium wherein the method provides an image transfer device having a scanner for reading an image on the first medium (for example a smartphone); the image transfer device reads the image on the first medium with the scanner (for example taking a picture with the smartphone); the image transfer device then uploads the electronic data including at least a portion of an image transfer menu to be displayed by the image

transfer device to the transfer device from a computer connected to the transfer device; and a processor of the image transfer device automatically merges the electronic data with the image read by the scanner and transfers the merged image by the transfer device to a second medium (for example servers).

### NPD'S INFRINGING SYSTEM AND METHOD

13. Sapphire Crossing incorporates the above paragraphs herein by reference.

14. NPD performs the steps of the method found in the preamble of claim 19: "transferring information from a first medium." For example, NPD's ReceiptPal app uses a reader for reading an image on a first medium, and a display for displaying an image transfer menu to perform a selected function. *See* https://www.receiptpalapp.com/; webpage attached hereto as Exhibit B; Figures 1, 2.



*Figure 1. NPD provides a downloadable app for use on mobile devices that transforms such devices into the Accused Instrumentality.*

*See* Ex. B; Figure 2.



*Figure 2. Intuit's ReceiptPal app uses the camera on the user's smartphone to read images.*

15. NPD's ReceiptPal performs the steps found in claim 19(a): "providing an image transfer device having a Scanner for reading an image on the first medium." For example, NPD's ReceiptPal scans an image on a first medium, for example, the barcode on a paper receipt. *See* https://www.youtube.com/watch?v=GwKz1GDY9Hc; webpage attached hereto as Exhibit C; Figure 3.



*Figure 3. NPD's ReceiptPal app uses the camera on the user's smartphone to scan an image on a first medium.*

*See* https://play.google.com/store/apps/details?id=com.receiptpalapp.android&hl=en_US; webpage attached hereto as Exhibit D; Figure 4.



*Figure 4. NPD's ReceiptPal app uses the camera on the user's smartphone to scan an image on a first medium such as a receipt.*

16. NPD's ReceiptPal performs the steps found in claim 19(b): "reading the image on the first medium with the scanner." For example, NPD's ReceiptPal app uses the camera on the user's smartphone to read an image of a receipt. *See* Ex. C; Figure 5.



*Figure 5. NPD's ReceiptPal app uses the camera on the user's smartphone to read an image of a receipt.*

17. NPD's ReceiptPal performs the steps of claim 19(c): "automatically uploading electronic data including at least a portion of an image transfer menu to be displayed by the image transfer device to the transfer device from a computer connected to the transfer device." For example, NPD's ReceiptPal uploads and displays an image transfer validation menu from the communication channels found in NPD's computers and gives users the option to deposit the receipt. *See* Ex. B; Figure 6.



*Figure 6. NPD's ReceiptPal app automatically uploads and displays on the display screen, found on the user's smartphone, an image transfer menu obtained via a communication channel from Intuit's computers.*

18.     NPD's ReceiptPal performs the steps of claim 19(d): "with a processor of the image transfer device, automatically merging the electronic data with the image read by the scanner." For example, NPD's ReceiptPal merges the data found in the electronic image of the scanned receipt that can be stored on NPD's servers. *See* Exs. B, C; Figs. 2-6.

19.     NPD's ReceiptPal performs the steps of claim 19(e): "transferring the merged image by the transfer device to a second medium." For example, NPD's ReceiptPal transfers the merged image to its server(s). *See* Ex. C; Figure 7.



*Figure 7. NPD's ReceiptPal app transmits the merged information from the mobile device to a server.*

### COUNT I: DIRECT INFRINGEMENT

20. Sapphire Crossing incorporates the above paragraphs herein by reference.

21. As a result of making, using (including having its employees internally test and use the Accused Instrumentality as alleged below), marketing, and providing the Accused Instrumentality, NPD has and continues to directly infringe at least Claim 19 of the '633 Patent literally or under the doctrine of equivalents.

22. As set forth above, the Accused Instrumentality is specifically designed to perform every step of at least Claim 19 of the '633 Patent, and each use of the Accused Instrumentality will result in infringement of at least that claim.

23. Upon information and belief, NPD has and continues to directly infringe at least Claim 19 of the '633 Patent when it internally tested and used the Accused Instrumentality.

24. Upon information and belief, NPD's employees or individuals under NPD's control use the Accused Instrumentality to test the operation of the Accused Instrumentality and its various functions, in the infringing manner described here, and thereby infringes at least Claim 19 of the '633 Patent. Sapphire Crossing therefore alleges that NPD has and continues to directly infringe the '633 Patent by using the Accused Instrumentality to perform at least the method of Claim 19.

25. Upon information and belief, NPD also has and continues to directly infringe at least Claim 19 of the '633 Patent when its employees use the Accused Instrumentality. Upon information and belief, NPD's employees or individuals under NPD's control use the Accused Instrumentality in an infringing manner and described in detail in the above section (INFRINGING SYSTEM AND METHOD). Sapphire Crossing therefore alleges that NPD directly infringes the '633 Patent by using the Accused Instrumentality to perform the method of at least Claim 19.

26. Since at least the date that this Complaint was filed, NPD has willfully infringed at least Claim 19 of the '633 Patent by directly infringing the patent with knowledge of the patent and despite an objectively high likelihood that its actions constituted infringement of the '633 Patent.

27. Sapphire Crossing has suffered damages as a result of NPD's direct infringement of the '633 Patent.

28. Sapphire Crossing is entitled to recover damages adequate to compensate it for such infringement in an amount no less than a reasonable royalty under 35 U.S.C. § 284.

29. Sapphire Crossing will continue to be injured, and thereby caused

irreparable harm, unless and until this Court enters an injunction prohibiting further infringement.

## COUNT II: INDIRECT INFRINGEMENT

30. Sapphire Crossing incorporates the above paragraphs herein by reference.

31. **Contributory Infringement.** NPD has also contributed to the infringement of at least Claim 19 of the '633 Patent by providing the Accused Instrumentality to, among others, its customers, and by advertising, promoting, encouraging, instructing and aiding others to use the Accused Instrumentality in an infringing manner.

32. NPD has engaged in these activities knowing that the Accused Instrumentality is especially made and adapted for use, and is in fact used, in a manner that constitutes infringement of at least Claim 19 of the '633 Patent. The Accused Instrumentality is not a staple article or commodity of commerce that is suitable for substantial non-infringing uses.

33. Since at least the filing date of this Complaint, NPD has known that the use of the Accused Instrumentality infringes the '633 Patent, and that such combination of components has no substantial non-infringing use.

34. Sapphire Crossing has suffered damages as a result of NPD's indirect infringement of the '633 Patent.

35. Sapphire Crossing is entitled to recover damages adequate to compensate it for such infringement in an amount no less than a reasonable royalty under 35 U.S.C. § 284.

36. Sapphire Crossing will continue to be injured, and thereby caused irreparable harm, unless and until this Court enters an injunction prohibiting further

infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Sapphire Crossing prays for judgment against NPD on all the counts and for the following relief:

- A. A declaration that Sapphire Crossing is the owner of the right to sue and to recover for infringement of the '633 Patent being asserted in this action;
- B. A declaration that NPD has directly infringed, actively induced the infringement of, or contributorily infringed the '633 Patent;
- C. A declaration that NPD and its customers are jointly or severally responsible for the damages from infringement of the '633 Patent through the use of the NPD's Mobile app;
- D. A declaration that NPD is responsible jointly or severally with its customers for the damages caused by the infringement of the '633 Patent through the use of the NPD Mobile app by NPD's customers;
- E. An accounting for damages under 35 U.S.C. § 284 for infringement of the '633 Patent by NPD, and the award of damages so ascertained to Sapphire Crossing together with interest as provided by law;
- F. An award of Sapphire Crossing's costs and expenses;
- G. An injunction prohibiting the ongoing continuing infringement;
- H. A declaration that NPD's actions constitute as exceptional conduct in bad faith, and an award of Sapphire Crossing's attorney fees; and
- I. Such other and further relief as this Court may deem proper, just and

equitable.

Dated: December 20, 2018

Respectfully submitted,

*/s/ Nicholas Ranallo*
Nicholas Ranallo, Attorney at Law
5058 57th Avenue South
Seattle, WA 98118
Phone: (831) 607-9229
nick@ranallolawoffice.com

Isaac Rabicoff
(*Pro Hac Vice Admission Pending*)
isaac@rabilaw.com
Kenneth Matuszewski
(*Pro Hac Vice Admission Pending*)
kenneth@rabilaw.com
Rabicoff Law LLC
73 West Monroe Street
Chicago, IL 60603
Phone: (773) 669-4590
**Counsel for Plaintiff**