IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAPPHIRE CROSSING LLC,<br><br>                                  **Plaintiff,**<br><br>v.<br><br>THE NPD GROUP, INC.,<br><br>                                  **Defendant.** | Civil Action No. 2:18-CV-07263<br><br>**JURY TRIAL DEMANDED** |

**THE NPD GROUP, INC.'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

Defendant The NPD Group, Inc. ("NPD") files this, it's Answer, Affirmative Defenses, and Counterclaims to Plaintiff Sapphire Crossing LLC's ("Plaintiff" or "Sapphire") Complaint for Infringement of Patent ("Complaint"). NPD denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.

**PARTIES**

1.      NPD is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and, on that basis, denies all such allegations.

2.      NPD admits that it is a New York corporation, and that its principal place of business is located at 900 West Shore, Road, Port Washington, NY 11050.

**JURISDICTION**

3.      NPD admits that the Complaint purports to set forth an action for infringement under the Patent Laws of the United States, Title 35 of the United States Code.

4.      NPD admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. NPD does not contest whether personal jurisdiction over it properly lies in this District in this case, or that it conducts business in the State of New York. NPD denies it has committed or is committing acts of infringement within the State of New York or in this District and, on that basis, denies the remaining allegations of Paragraph 5 of the Complaint.

**VENUE**

6. NPD does not contest whether venue is proper in this District in this case, or that it is incorporated in the State of New York. NPD denies it has committed or is committing acts of infringement within the State of New York or in this District and, on that basis, denies the remaining allegations of Paragraph 6 of the Complaint.

**PATENT-IN-SUIT**

7. NPD admits that the purported copy of the '633 Patent that is attached to the Complaint as Exhibit A indicates that it issued on May 10, 2005, is entitled "Image Transfer System," and names Ken Hayward, Marc J. Krolczyk, Dawn M. Marchionda, Thomas L. Wolf, and James S. Laird as the inventors. NPD is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 of the Complaint and, on that basis, denies all such allegations.

8. NPD denies that claims 19-20 of the '633 Patent are valid or enforceable. NPD admits that all other claims of the '633 patent have been canceled by the Patent Trial and Appeal Board. NPD is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 of the Complaint and, on that basis, denies all such allegations.

9. NPD is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and, on that basis, denies all such allegations.

10. NPD is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and, on that basis, denies all such allegations.

11. NPD denies that the claims of the '633 Patent constitute inventions or patentable subject matter. NPD is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 of the Complaint and, on that basis, denies all such allegations.

12. NPD denies that the claims of the '633 Patent constitute inventions or patentable subject matter. NPD is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 of the Complaint and, on that basis, denies all such allegations.

## NPD'S [ALLEGEDLY] INFRINGING SYSTEM AND METHOD

13. NPD incorporates by reference its responses in Paragraphs 1-12 above as if fully set forth herein.

14. NPD admits that it provides the ReceiptPal app. NPD denies the remaining allegations in Paragraph 14 of the Complaint.

15. NPD denies the allegations in Paragraph 15 of the Complaint.

16. NPD denies the allegations in Paragraph 16 of the Complaint.

17. NPD denies the allegations in Paragraph 17 of the Complaint.

18. NPD denies the allegations in Paragraph 18 of the Complaint.

19. NPD denies the allegations in Paragraph 19 of the Complaint.

## COUNT I
## [ALLEGED] DIRECT INFRINGEMENT

20. NPD incorporates by reference its responses in Paragraphs 1-19 above as if fully set forth herein.

21. NPD denies the allegations in Paragraph 21 of the Complaint.

22. NPD denies the allegations in Paragraph 22 of the Complaint.

23. NPD denies the allegations in Paragraph 23 of the Complaint.

24. NPD denies the allegations in Paragraph 24 of the Complaint.

25. NPD denies the allegations in Paragraph 25 of the Complaint.

26. NPD denies the allegations in Paragraph 26 of the Complaint.

27. NPD denies the allegations in Paragraph 27 of the Complaint.

28. NPD denies the allegations in Paragraph 28 of the Complaint.

29. NPD denies the allegations in Paragraph 29 of the Complaint.

## COUNT II
## [ALLEGED] INDIRECT INFRINGEMENT

30. NPD incorporates by reference its responses in Paragraphs 1-29 above as if fully set forth herein.

31. NPD denies the allegations in Paragraph 31 of the Complaint.

32. NPD denies the allegations in Paragraph 32 of the Complaint.

33. NPD denies the allegations in Paragraph 33 of the Complaint.

34. NPD denies the allegations in Paragraph 34 of the Complaint.

35. NPD denies the allegations in Paragraph 35 of the Complaint.

36. NPD denies the allegations in Paragraph 36 of the Complaint.

## [PLAINTIFF'S] PRAYER FOR RELIEF

NPD denies that Plaintiff is entitled to any relief from NPD and denies all the allegations contained in Paragraphs A–I of Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

NPD's Affirmative Defenses are listed below. NPD reserves the right to amend its answer to add additional Affirmative Defenses consistent with the facts discovered in this case.

## FIRST AFFIRMATIVE DEFENSE

NPD has not infringed and does not infringe, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the '633 Patent.

## SECOND AFFIRMATIVE DEFENSE

Each asserted claim of the '633 Patent is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts that NPD indirectly infringes, either by contributory infringement or inducement of infringement, NPD is not liable to Plaintiff for the acts alleged to have been performed before NPD knew that its actions would cause indirect infringement.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's attempted enforcement of the '633 Patent against NPD is barred by one or more of the equitable doctrines of laches, estoppel, acquiescence, waiver, and unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

The claims of the '633 Patent are not entitled to a scope sufficient to encompass any system employed or process practiced by NPD.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that NPD makes, uses, or sells each

claimed element of any asserted claim, or that NPD directs or controls another entity to make, use, or sell any element that is not made, used, or sold by NPD.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff contends that it alleges a claim for indirect infringement (whether by inducement or contributorily), Plaintiff has failed to state a claim upon which relief can be granted.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because the '633 Patent does not claim patentable subject matter under 35 U.S.C. § 101.

## NPD'S COUNTERCLAIMS

For its counterclaims against Plaintiff Sapphire Crossing LLC ("Sapphire"), Counterclaim Plaintiff The NPD Group, Inc. ("NPD") alleges as follows:

## PARTIES

1. Counterclaim Plaintiff NPD is a corporation organized and existing under the laws of the State of New York, with its principal place of business located at 900 West Shore, Road, Port Washington, NY 11050.

2. Upon information and belief based solely on Paragraph 1 of the Complaint as pled by Plaintiff, Counterclaim Defendant Sapphire is a limited liability company organized and existing under the laws of the State of Texas, and maintains its principle place of business at 5570 FM 423 Suite 250, #2008, Frisco, TX 75034.

## JURISDICTION

3. NPD incorporates by reference Paragraphs 1-2 above.

4. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 et seq., and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5. Sapphire has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

6. Based solely on Sapphire's filing of this action, venue is proper, though not necessarily convenient, in this district pursuant at least 28 U.S.C. §§ 1391 and 1400.

## COUNT I
## DECLARATION REGARDING NON-INFRINGEMENT

7. NPD incorporates by reference Paragraphs 1–6 above.

8. Based on Sapphire's filing of this action and at least NPD's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether NPD infringes U.S. Patent No. 6,891,633.

9. NPD does not infringe the '633 Patent because, among other things, it does not "use" or "test" any method or system that: (1) provides an image transfer device having a scanner for reading an image on the first medium; (2) reads the image on the first medium with the scanner; (3) automatically uploads electronic data including at least a portion of an image transfer menu to be displayed by the image transfer device to the transfer device from a computer connected to the transfer device; (4) with a processor of the image transfer device, automatically merges the electronic data with the image read by the scanner; and/or (5) transfers the merged image by the transfer device to a second medium.

10. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 et seq., NPD requests a declaration by the Court that NPD has not infringed and does not infringe any claim of

the '633 Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

## COUNT II
## DECLARATION REGARDING INVALIDITY

11. NPD incorporates by reference Paragraphs 1–10 above.

12. Based on Sapphire's filing of this action and at least NPD's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '633 Patent.

13. Claims 19 and 20 of the '633 Patent are anticipated and/or rendered obvious by, inter alia, U.S. Pat. No. 5,798,738; U.S. Pat. No. 6,388,687; U.S. Pat. No. 6,373,507; U.S. Pat. No. 6,668,134; and/or U.S. Pat. No. 6,683,585.

14. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 et seq., NPD requests a declaration by the Court that claims 19 and 20 of the '633 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## JURY DEMAND

NPD hereby demands trial by jury on all issues in these Counterclaims.

## PRAYER FOR RELIEF

WHEREFORE, NPD asks this Court to enter judgment in NPD's favor and against Sapphire by granting the following relief:

a) a declaration that the '633 Patent is invalid;

b) a declaration that NPD does not infringe, under any theory, any valid claim of the '633 Patent that may be enforceable;

  c)  a declaration that the '633 Patent is unenforceable;

  d)  a declaration that Sapphire take nothing by its Complaint;

  e)  judgment against Sapphire and in favor of NPD;

  f)  dismissal of the Complaint with prejudice;

  g)  a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to NPD of its costs and attorneys' fees incurred in this action; and

  h)  further relief as the Court may deem just and proper.

Dated: March 7, 2019                                  Respectfully submitted,

                                                **FISH & RICHARDSON P.C.**

                                                By:   */s/ Ron Vogel*
                                                      John S. Goetz
                                                      Ron Vogel
                                                      601 Lexington Avenue
                                                      52nd Floor
                                                      New York, New York 10022
                                                      Tel: (212) 763-5070
                                                      Fax: (212) 258-2291
                                                      goetz@fr.com
                                                      rvogel@fr.com

                                                      Neil J. McNabnay
                                                     Ricardo J. Bonilla
                                                     Aaron P. Pirouznia
                                                     1717 Main Street, Suite 5000
                                                     Dallas, Texas 75201
                                                     Tel: (214) 747-5070
                                                     Fax: (214) 747-2091
                                                     mcnabnay@fr.com
                                                     rbonilla@fr.com
                                                     pirouznia@fr.com

                                              ***COUNSEL FOR DEFENDANT***
                                              ***THE NPD GROUP, INC.***

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the above foregoing document was filed with the Clerk of the Court using CM/ECF system, which will send notification of such filing to all counsel of record.

      This 7th day of March, 2019.

                                                          */s/Ron Vogel*
                                                            Ron Vogel