IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAPPHIRE CROSSING LLC,<br><br>                    Plaintiff,<br><br>       v.<br><br>THE NPD GROUP, INC.,<br><br>                    Defendant. | Civil Action No. 2:18-CV-07263<br><br>JURY TRIAL DEMANDED |

**JOINT MOTION TO STAY DISCOVERY
PENDING RESOLUTION OF DEFENDANT'S MOTION TO DISMISS**

Pursuant to the Court's Individual Practices III.B and the Order of August 20, 2019, the Parties jointly move to stay discovery pending resolution of Defendant The NPD Group, Inc. ("NPD")'s forthcoming Motion to Dismiss.

**I.      LEGAL STANDARD**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Stone v. Immigration and Naturalization Serv.*, 514 U.S. 386, 411 (1995) ("[W]e have long recognized that courts have inherent power to stay proceedings . . . ."). "When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved." *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) (*Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.")).

"[D]istrict courts have considered the following factors in determining whether a stay of discovery is appropriate pending the outcome of a dispositive motion: (1) whether the defendant has made a strong showing that the plaintiffs claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay.") (quotations omitted). *Long Island Hous. Servs., Inc. v. Nassau Cty. Indus. Dev. Agency*, No. 14-CV-3307, 2015 WL 7756122, at *2 (E.D.N.Y. Dec. 1, 2015).

## II. PROCEDURAL BACKGROUND

On March 7, 2019, NPD filed a Pre-Motion Letter seeking leave to a motion to dismiss. Docket Entry ("D.E.") 12. During the August 29, 2019 pre-motion conference, Plaintiff Sapphire Crossing LLC ("Sapphire") indicated its intent to file an amended complaint. Judge Kuntz ordered that an amended complaint shall be filed by September 20, 2019, and further ordered the following briefing schedule for NPD's motion to dismiss:

1) Defendants shall serve the motion for dismiss on or before Friday, October 11, 2019;

2) Plaintiff shall serve the memorandum in opposition on or before Friday, November 8, 2019;

3) Defendants shall serve the reply memorandum on or before Friday, November 22, 2019.

Aug. 29, 2019 Minute Entry. The Parties jointly move for a stay pending resolution of that motion.

## III. ARGUMENT

Here, NPD's forthcoming motion to dismiss would be dispositive if granted.

Discovery has not commenced, and would not assist Sapphire in opposing NPD's Motion because a court considers only the allegations set forth in the pleadings when ruling on a motion pursuant to Federal Rule of Civil Procedure 12(b)(6). In the absence of a stay, however,

discovery would open completely, with first sets of requests for production and interrogatories served in short order.  *See* D.E. 21.  Should the Court ultimately grant NPD's Motion to Dismiss, any work by the Parties or the Court related to discovery in this matter would be rendered wasteful.

      Finally, a stay of all non-pleading deadlines will not prejudice either Party, both of which join in this Motion.

      Accordingly, the Parties request that the Court stay all non-pleading deadlines in the case pending resolution of NPD's Motion to Dismiss and submit that good cause exists for the relief sought.

Dated: September 3, 2019

Respectfully submitted,

*/s/ Isaac Rabicoff*
Nicholas Ranallo, Attorney at Law
5058 57th Avenue South
Seattle, WA 98118
Phone: (831) 607-9229
nick@ranallolawoffice.com

Isaac Rabicoff
(*Pro Hac Vice*)
isaac@rabilaw.com
Kenneth Matuszewski
(*Pro Hac Vice*)
kenneth@rabilaw.com
Rabicoff Law LLC
73 West Monroe Street
Chicago, IL 60603
Phone: (773) 669-4590
***Counsel for Plaintiff***

**FISH & RICHARDSON P.C.**

By: */s/ Matthew C. Berntsen*
Matthew C. Berntsen (No. MB4140)
One Marina Park Drive
Boston, MA 02210
Tel: (212) 763-5070
Fax: (212) 258-2291
goetz@fr.com
rvogel@fr.com

Neil J. McNabnay
Ricardo J. Bonilla
Aaron P. Pirouznia
1717 Main Street, Suite 5000
Dallas, Texas 75201
Tel: (214) 747-5070
Fax: (214) 747-2091
mcnabnay@fr.com
rbonilla@fr.com
pirouznia@fr.com

***COUNSEL FOR DEFENDANT
THE NPD GROUP, INC.***